UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD KHALIL,

        Plaintiff,

v.

ERNEST WILSON,
KAREN MILLER, and
DERRYCK THOMAS,

        Defendants.
_____/

Case No. 4:21-cv-12577
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART and DENYING IN PART DEFENDANTS' *THIRD* MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (ECF No. 79)

**A.    Prior, Relevant Discovery Orders**

Judge Kumar has referred this case to me for discovery matters. (ECF No. 38.) Since then, I have entered several discovery-related orders. (*See, e.g.*, ECF Nos. 41, 42, 48, 49, and 69.) Of particular import to the instant matter are the Undersigned's: (1) November 2023 orders (ECF Nos. 48, 49), which concerned Defendants' second motion to compel (ECF No. 44); and, (2) February 7, 2024 order (ECF No. 69), which addressed Defendants' motion for sanctions (ECF No. 50) and Defendants' motion for protective order (ECF No. 59).

1

**B.     Defendants'** *Third* **Motion to Compel**

Currently before the Court is Defendants' April 23, 2024 *third* motion to compel discovery and for sanctions (ECF No. 79), as to which Defendants have filed an amended index of exhibits (ECF No. 81), Plaintiff has filed a response (ECF No. 83), Defendants have filed a reply (ECF No. 84), and the parties have filed a joint list of resolved and unresolved issues regarding discovery (ECF No. 85). On May 29, 2024, I conducted a video hearing, at which Attorneys John W. Martin, Jr., and Christopher J. Raiti appeared. (*See* ECF No. 82.)

**C.     Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendants' *third* motion to compel discovery and for sanctions (ECF No. 79) – as framed by the joint list of resolved and unresolved issues regarding discovery (ECF No. 79) – is **GRANTED IN PART** and **DENIED IN PART**, as follows:

**(1)     Are Defendants entitled to sanctions for Plaintiff's refusal to abide by this Court's <u>two</u> <u>prior</u> discovery orders?  No.**

To be sure, the Court's November 7, 2023 order required Plaintiff to "[s]upplement his responses to Defendants' First Requests for Production, specifically Request No. 22, by producing the videos, DVD, CD, and/or computer

referenced in his January 24, 2017 and May 5, 2019 phone calls with his sister Melissa Bitar[,]" (ECF No. 49, PageID.499 ¶ 1), and the Court's February 7, 2024 order directed Plaintiff to respond or supplement his response to Request No. 22 (ECF No. 69, PageID.1232). Plaintiff's second supplemental response is dated March 14, 2024 and represents, *inter alia*, that "Plaintiff does not possess any pictures and/or videos, drawings, etc." (ECF No. 79-19.) The Court is satisfied with Plaintiff's representations that he "does not have custody or possession of the requested video evidence[;]" accordingly, "Plaintiff cannot produce what he does not have." (ECF No. 85, PageID.1935.) Moreover, Plaintiff provided releases for Defendants to obtain any and all video evidence in Plaintiff's former attorneys' files or possession, Defendants have deposed Attorney Mark Kriger (*see* ECF Nos. 79-14, 81-13), and Plaintiff's counsel has represented, as an officer of the Court, that Defendants have all the video evidence that he or his client has.

**(2)     Are Defendants entitled to sanctions for Plaintiff's refusal to disclose his mental health treater until the last day of discovery, despite numerous requests?  Yes, although not to the extent sought (*see, e.g.,* ECF No. 79, PageID.1259, 1264, 1277).**

The relevant timeline favors providing some relief to Defendants. It seems the existence of treatment "by a mental health professional immediately after his release from prison[,]" was first disclosed on February 12, 2024, at an independent

3

medical examination (IME) with Dr. Steven Gaskell. (ECF No. 85, PageID.1936.) It was neither revealed in Plaintiff's initial disclosures under Fed. R. Civ. P. 26(a)(1) nor disclosed in response to discovery requests that are nearly two years old. The February 29, 2024 first supplemental initial disclosure (ECF Nos. 81-18, 84-4) mentions that Plaintiff "suffered emotional injuries . . . [,]" but does not identify the treater in question. Emails attached to Defendants' instant motion and their amended index of exhibits show that Defendants sought this information as early as March 11, 2024 (*see* ECF No. 79-18, PageID.1492; ECF No. 81-17, PageID.1785). The instant, April 23, 2024 motion is the first one regarding mental health. It was not until May 6, 2024, the discovery deadline (*see* ECF No. 69) – and 13 days after Defendants' motion was filed – that Plaintiff revealed the identity of the treater, psychologist Sara Guetzkow. *See* Fed. R. Civ. P. 37(a)(5)(A) ("*If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*.").

Upon consideration, and in accordance with Fed. R. Civ. P. 37(a)(5), Plaintiff – *not Plaintiff's counsel* – **SHALL** reimburse defense counsel for the costs and expenses associated with this motion in the amount of $1,250 (*i.e.*, $250/hour for 5 hours) no later than **Monday, June 10, 2024.**[1] As for the use of

---

[1] This hourly rate is more than reasonable, considering defense counsel's experience. As for time, defense counsel estimated he spent 10 hours between the motion and the reply; yet, half of this motion was related to another item – *i.e.*, the video – and relatedly was denied.

4

this information, Defendants are actively seeking Guetzkow's records, as is Plaintiff. The Court finds that Plaintiff's failure to disclose his treating psychologist's existence with his initial disclosures and then later in response to discovery requests, and then his subsequent delay in providing information when confronted with this failure to disclose, was not "substantially justified or harmless." *See* Fed. R. Civ. P. 37(c)(1) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit."). As a sanction for his gross delay, and pursuant to Fed. R. Civ. P. 37(c)(1)(A) & (C), Plaintiff may not introduce Guetzkow's records or testimony. On the other hand, Defendant, after reviewing the records, may take Guetzkow's deposition and may introduce her testimony or her records. Defendant will also have the option of retaking Plaintiff's deposition (for the third time). If Defendant decides to depose Guetzkow or to re-depose Plaintiff, either will be at Plaintiff's expense, with Plaintiff paying for the court reporter and defense counsel's time – up to 2.0 hours for Guetzkow's deposition and up to 2.5 hours for Plaintiff's re-deposition – at an hourly rate of $250. Defendants may take Guetzkow's deposition by Zoom; however, if they choose to do so in person, then it will be at defense counsel's travel cost. Plaintiff must pay for any deposition-related costs addressed in this order within two weeks of being invoiced.

Finally, if Plaintiff does not timely pay any of the above, then Plaintiff is risking a much more severe sanction, including, but not limited to, not being able

to pursue his emotional distress (*i.e.*, noneconomic) damages, which – considering Plaintiff's dismissal of his claim for economic loss (*see* ECF No. 81-18, PageID.1794 ¶ C(3)) – may be the only relief remaining.

    **IT IS SO ORDERED.**[2]

Dated: May 31, 2024

                                                   _____
                                                  Anthony P. Patti
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).